UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
ANDREE O'NEILL,                    :
                                   :
            Plaintiff,             :       ORDER
                                   :       09-CV-4778 (JFB) (ETB)
         – against –               :
                                   :
CHASE MANHATTAN BANK, N.A.,        :
                                   :
            Defendant.             :
                                   :
----------------------------------X

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation from Magistrate Judge Boyle recommending that the Court dismiss this case because plaintiff has failed to comply with numerous orders and failed to prosecute the case.

Plaintiff filed the complaint in this case on September 8, 2009 in New York State Supreme Court, Suffolk County. According to the complaint, plaintiff's now-deceased former husband worked for defendant and had a life insurance policy through defendant. The complaint alleges that plaintiff is entitled to benefits from the life insurance policy. Defendant removed the case to this Court on November 4, 2009.

Judge Boyle scheduled an initial conference for January 26, 2010. Six days before the conference, defendant's counsel advised the Court that plaintiff's counsel had advised her that he had suffered a stroke and expected to be hospitalized for "at least the next month." (Docket Entry 8.) The initial conference was rescheduled for April 21, 2010. Eight days before that conference, defendant's counsel again wrote Judge Boyle. (Docket Entry 9.) She stated that she had attempted to schedule a "meet and confer" with plaintiff's counsel so the parties could comply with their obligations under Federal Rule of Civil Procedure 26(f). However, her efforts to contact plaintiff's counsel both via telephone and via the mail proved unsuccessful. (Docket Entries 9, 10.) Judge Boyle then rescheduled

the initial conference for May 24, 2010. (Docket Entry 11.) Plaintiff's counsel, however, failed to appear at that conference. Judge Boyle set another status conference for June 22, 2010 and ordered plaintiff's counsel to show cause why the action should not be dismissed pursuant to Rule 41(b). (Docket Entry 12.) Plaintiff's counsel again failed to appear at the June 22, 2010 conference, and Judge Boyle recommended that the action be dismissed because of plaintiff's failure to comply with the court's orders and failure to prosecute the case. (Docket Entries 13, 14.) This Court has received no objections to the Report and Recommendation.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997)..

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a

wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives. . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Under the circumstances, the above-referenced factors favor dismissal of the instant case. Despite repeated attempts, defendant's counsel has been unable to contact plaintiff's counsel for approximately six months. Plaintiff's counsel has not communicated with the Court at all regarding his health status.

Additionally, based on Judge Boyle's order following the May 24, 2010 conference, plaintiff's counsel had notice that the action would be dismissed if he continued to fail to comply with the Court's scheduling orders. Moreover, as noted by Judge Boyle, defendant's counsel reports that she has been unable to obtain an address for the plaintiff. In short, as currently situated, there is no way that this action can proceed because the initial conference has repeatedly been adjourned because plaintiff's counsel has failed to appear and because the whereabouts of both plaintiff and plaintiff's counsel are unknown. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendant of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case. However, under the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the R&R in their entirety and dismisses the plaintiff's complaint without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of the Court is directed to close the case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2010
Central Islip, New York